UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL AGUIRRE,
                              Plaintiff,

                 -against-

MARDAVE MANAGEMENT INC., et al.,
                            Defendants.
------------------------------------------------------------X

22 Civ. 4818 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on February 3, 2023, the parties filed their joint letter and settlement agreement, including contemporaneous time records and a breakdown of Plaintiff's counsel's fees. It is hereby

    **ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable). The settlement is the product of arms-length negotiations by experienced counsel, and there is no indication of fraud or collusion. *Id.* (citing *Wolinsky*, 900 F. Supp. 2d at 335). The proposed settlement agreement is fair and reasonable because it does not release claims with "no relationship whatsoever to wage and-hour issues." *Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (internal quotation marks omitted). It is further

    **ORDERED** that Plaintiff's counsel's request for $13,868, of which $552 is reimbursement for costs and the remainder of which is a reasonable attorney's fee, is

**GRANTED**.  This amount is less than the lodestar calculation and approximately one-third of the settlement.  Plaintiff's counsel's hourly rates used to calculate the lodestar are on the high end of those approved by Courts in this circuit for counsel of similar experience in similar cases, but the requested fee would be less than the lodestar even if Plaintiff's counsel's rates were substantially lower.  The Court finds this amount to be fair and reasonable in light of the quality of counsel, the risks of litigation and the litigation's magnitude and complexity.  *See Hui Luo v. L & S Acupuncture, P.C.*, 649 F. App'x 1, 2 (2d Cir. 2016) (summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee shifting cases, such as those under FLSA, where the financial recovery is likely to be small); *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee"); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011).  The remainder of the settlement shall be distributed to Plaintiff.

The Clerk of Court is respectfully directed to close this case.

Dated: February 7, 2023
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

2